## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

————————————

M. P.,

      Plaintiff,

      v.                                    No. 1:19-cv-1032-WJ-GJF

JOHNNY REVELES, a Metropolitan Detention
Center Corrections Officer, in his individual capacity;
and the BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO NOTIFY THE COURT OF A POTENTIAL CONFLICT OF INTEREST

**THIS MATTER** comes before the Court on Plaintiff's Motion to Notify the Court of a Potential Conflict of Interest [Doc. 46], filed May 1, 2020. Plaintiff explains that there may be a concurrent conflict of interest with Taylor S. Rahn's representation of Defendant Reveles in this case and her representation of Defendant Bernalillo County in the separate case of *McClendon v. City of Albuquerque* (Case No. 95-cv-24). Ms. Rahn argues that there is not a conflict of interest and that, even if there was one, Defendant Bernalillo County and Defendant Reveles have waived any potential conflict of interest. Defendant Bernalillo County also argues that there is not a conflict of interest. For the reasons stated in this Opinion, the Court finds that there is not a conflict of interest because the Defendants' interests are not directly adverse and Ms. Rahn's representation of Defendant Reveles will not be materially limited by her representation of Defendant Bernalillo County in *McClendon*.

Taylor S. Rahn of Robles, Rael & Anaya, P.C. represents Defendant Reveles. Frank T. Apodaca of Saucedo Chavez, P.C. represents Defendant Bernalillo County. Ms. Rahn does not represent Defendant Bernalillo County in this case, but does represent Defendant Bernalillo County in *McClendon*. Doc. 46-2 (Ms. Rahn's Entry of Appearance in *McClendon*).

This case concerns allegations that Defendant Reveles, a former Corrections Officer, raped Plaintiff in a closet while on-duty at the Metropolitan Detention Center. On May 21, 2019, Defendant Reveles plead guilty to Criminal Sexual Penetration (Position of Authority Over Inmate), a second degree felony. Doc. 30-1 (Plea and Disposition Agreement). The charge stated:

> That on or about August 20, 2018, in Bernalillo County, New Mexico, [Defendant Reveles] did unlawfully and intentionally cause [Plaintiff], an inmate confined in a correctional facility or jail, to engage in sexual intercourse, and was in a position of authority over the inmate, contrary to NMSA 1978, Section 30-9-11 (E)(2) (2009).

Doc. 30-3 (Grand Jury Indictment) at 1. Ms. Rahn explains "that Defendant Reveles does not, and likely cannot given his guilty plea, dispute that sexual contact occurred while he was acting as a corrections officer and Plaintiff was an inmate. The only issue relevant to Defendant Reveles' liability for civil rights violations is whether or not this contact was factually consensual notwithstanding Plaintiff's status as an inmate." Doc. 56 (Defendant Reveles' Response) at 4.

## DISCUSSION

The United States District Court of New Mexico's Local Rules state that the "Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico apply except as otherwise provided by local rule or by Court Order." D.N.M. LR-Civ. 83.9; *see Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (explaining that the "District Court of New Mexico has adopted the New Mexico Rules of Professional Conduct"). The New Mexico Rules of Professional Conduct provide that a concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

2

> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Rule 16-107(A) NMRA. Plaintiff argues that Ms. Rahn has a concurrent conflict of interest based on both of the above elements. Each is discussed in turn, and each is without merit.

Plaintiff alleges that the Defendants' interests may be directly adverse because Defendant Bernalillo County may argue that Defendant Reveles acted outside the scope of his duties, which if accepted would relieve Defendant Bernalillo County of its obligation to pay Defendant Reveles' defense costs and any judgment pursuant to N.M. Stat. § 41-4-4(B) and (D). Although Defendant Bernalillo County filed a motion for leave to file a cross-claim making that argument [Doc. 28], Defendant Bernalillo County withdrew that motion a month after filing it. Doc. 45 (Notice of Withdrawal of Motion for Leave to File Cross-Claim). Defendant Bernalillo County has stated, when responding to Plaintiff's argument that Defendant Bernalillo County may argue that Defendant Reveles acted outside the scope of his duties, that

> Bernalillo County will not assert or argue in this or any other litigation that any judgment or award of damages against Defendant Reveles is not subject to protections of payment, by the County or its insurer, afforded to Defendant Reveles under NMSA § 41-4-4.

Doc. 57 (Defendant Bernalillo County's Response) at 2. Based on this representation, it follows that Defendant Bernalillo County will not argue that Defendant Reveles acted outside the scope of his duties. Accordingly, the Court finds that the Defendants' interests are not directly adverse.

Plaintiff also alleges that Ms. Rahn may be limited at trial in her ability to oppose Plaintiff's claim to punitive damages because a finding of actual malice against Defendant Reveles would benefit Defendant Bernalillo County by providing Defendant Bernalillo County a right to recover the costs it expended on Defendant Reveles' defense or any judgment pursuant to N.M. Stat. § 41-

4-4(E). Defendant Bernalillo County, however, has represented that it will not argue that Defendant Reveles is not subject to the payment protections of N.M. Stat. § 41-4-4. Doc. 57 (Defendant Bernalillo County's Response) at 2. Defendant Bernalillo County, therefore, will be obligated to pay any judgment against Defendant Reveles pursuant to N.M. Stat. § 41-4-4(D). Thus, it would not make sense for Defendant Bernalillo County to oppose efforts by Ms. Rahn to argue against the imposition of punitive damages against Defendant Reveles because Defendant Bernalillo County will ultimately have to pay for any punitive damages. As such, a finding of actual malice against Defendant Reveles would not benefit Defendant Bernalillo County. Accordingly, the Court finds that Ms. Rahn's representation of Defendant Reveles will not be materially limited by her representation of Defendant Bernalillo County in *McClendon*.

Moreover, even if there is a concurrent conflict of interest with Ms. Rahn's representation of Defendant Reveles in this case and her representation of Defendant Bernalillo County in *McClendon*, it may be waived. The New Mexico Rules of Professional Conduct provide that notwithstanding a concurrent conflict of interest, a lawyer may represent a client if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing.

Rule 16-107(B) NMRA.

As to (1), Ms. Rahn stated that she "believes that [she] will be able to provide competent and diligent representation to each affected client." Doc. 56 (Defendant Reveles' Response) at 6. Plaintiff does not dispute Ms. Rahn's ability to provide competent and diligent representation to

each Defendant. The Court is also familiar with Ms. Rahn's abilities and experience in this practice area and does not have any reason to doubt her ability to provide competent and diligent representation to each Defendant. As to (2), Plaintiff has not presented any rule or law that prohibits the representation, and the Court is not aware of any rule or law that prohibits the representation. As to (3), Ms. Rahn's representation of Defendant Reveles and Defendant Bernalillo County does not involve the assertion of a claim by one client against another client. The Defendants' interests are aligned in this case. As to (4), Ms. Rahn filed Defendant Bernalillo County's informed consent with the Court, in which Bernalillo County Attorney W. Ken Martinez on behalf of Defendant Bernalillo County stated:

> After due consideration, [Bernalillo County Attorney W. Ken Martinez] waive[s] my objection to any conflict of interest that may exist as a result of Ms. Rahn's representation of Bernalillo County in *McClendon v. City of Albuquerque* and her current representation of Mr. Reveles in *M.P. v. Reveles*.

Doc. 56-1 (Waiver of Objection for Potential Conflict of Interest) at 1–2. As to Defendant Reveles, Ms. Rahn explained that she discussed the potential conflict of interest with him and that he consented to her representation of him. Defendant Reveles' informed consent, however, has not been deduced to writing as required by Rule 16-107(B)(4) because Ms. Rahn explains that her contact with him has been limited because he is currently incarcerated and visitation is limited because of the Coronavirus pandemic. Ms. Rahn stated that she sent Defendant Reveles a conflict of interest waiver and that once she receives a signed copy from him, she will file it with the Court. The Court has made the finding that there is no conflict of interest in Ms. Rahn representing Defendant Reveles in the instant case and representing Bernalillo County in *McClendon*, but since Rule 16-107(B) NMRA was invoked, this rule requires each affected client to give informed consent in writing.  Therefore, Ms. Rahn should obtain the necessary written consent signed by

Mr. Reveles in the very near future taking into account appropriate public safety concerns in view of the ongoing Coronavirus pandemic.

Finally, in her reply Plaintiff makes an additional argument that she did not raise in her motion. Plaintiff alleges that Ms. Rahn has a conflict of interest because she may be a fact witness because "depending on what Plaintiff learns in discovery, Plaintiff may want to take Ms. Rahn's deposition or call Ms. Rahn as a witness at trial in support of Plaintiff's *Monell* claim." Doc. 76 (Plaintiff's Reply) at 3. Raising a new argument in a reply is not appropriate because the opposing party does not have an opportunity to respond to it. The Court, therefore, will not consider Plaintiff's new argument. *See Mike v. Dymon, Inc.*, 1996 WL 427761, at *2 (D. Kan. July 25, 1996) ("In pursuit of fairness and proper notice, the court generally summarily denies or excludes all arguments and issues first raised in reply briefs.").  Moreover, even if the Court were to consider Plaintiff's new argument, the Court is left with the clear impression that this new argument is unsupported, speculative, and likely improper when considering that the testimony Plaintiff would like to elicit from Ms. Rahn is most certainly protected by the attorney-client privilege.

## CONCLUSION

The Court finds that there is not a concurrent conflict of interest with Ms. Rahn's representation of Defendant Reveles in this case and her representation of Defendant Bernalillo County in *McClendon* pursuant to New Mexico Rule of Professional Conduct 16-107(A). The Court makes this finding because the Defendants' interests are not directly adverse and Ms. Rahn's representation of Defendant Reveles will not be materially limited by her representation of Defendant Bernalillo County in *McClendon*. The Court also finds that, upon the filing of Defendant Reveles' conflict of interest waiver, the Defendants have waived any potential conflict of interest pursuant to New Mexico Rule of Professional Conduct 16-107(B).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Notify the Court of a Potential Conflict of Interest [Doc. 46] is **DENIED**.

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**