**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

M.P.,

    Plaintiff,

v.                                                      Civ. No. 19-1032 WJ/GJF

JOHNNY REVELES, et al.,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court upon Defendant Board of County Commissioners of the County Bernalillo's ("County Defendant's") Motion to Stay [ECF 44] and Defendant Johnny Reveles' Motion to Stay [ECF 65], both of which are fully briefed. Having reviewed the motions and the accompanying briefing, and being otherwise fully advised, the Court will **GRANT IN PART** Defendant Reveles' Motion by **STAYING** *all* discovery in this case. Consequently, the Court will **DENY AS MOOT** the County Defendant's Motion to Stay.

**I.  BACKGROUND**

In October 2019, Plaintiff filed this lawsuit in state court, alleging that an unlawful sexual encounter occurred between Defendant Reveles, a corrections officer, and Plaintiff, an inmate, while they were alone together in a storage closet at the Metropolitan Detention Center. *See* ECFs 1-1 at 9-11; 65 at 1-2. In May 2020, after this case was removed to this Court and discovery had commenced, Defendant Reveles filed a Motion for Summary Judgment on the Basis of Qualified Immunity [ECF 63], as well as the instant Motion to Stay. This motion asks this Court to, *inter alia*, stay all proceedings pending the Court's ruling on this Motion for Summary Judgement. ECF 65 at 6.

## II. LAW

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).

As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992). Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed. *See Iqbal*, 556 U.S. at 685-86.

## III. ANALYSIS

The Court finds that a stay of discovery as to all claims against all defendants is appropriate. In his Motion for Summary Judgment, Defendant Reveles invoked qualified immunity and affirmatively sought dismissal of the claim that he violated Plaintiff's right to be free from cruel

and unusual punishment. *See* ECF 63, *passim.* The Court is unpersuaded that this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery. *See*, *e.g.*, *Tenorio v. Pitzer*, No. CIV 12-1295 JCH/KBM, 2013 WL 12178001 at *3 (D.N.M. July 27, 2013) (observing that "after *Iqbal*, the law is clear that discovery should be stayed upon assertion of qualified immunity, even for those defendants not asserting the defense").

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Reveles' Motion to Stay [ECF 65] is **GRANTED IN PART** in that *all* discovery is **STAYED** pending the presiding judge's ruling on his Motion for Summary Judgment [ECF 63].[1]

**IT IS FURTHER ORDERED** that the County Defendants' Motion to Stay [ECF 44] is **DENIED AS MOOT**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant Reveles also asks this Court to stay all discovery pending (1) the Court's ruling on *Plaintiff's* Motion for Partial Summary Judgment Against Defendant Reveles [ECF 30] and (2) the Court's ruling on Defendant Reveles' Motion to Dismiss Plaintiff's Equal Protection Claim [ECF 62], which has subsequently become moot. *See* ECF 65 at 6; *see also* ECF 82, 84 (Court granting stipulated motion to dismiss the Equal Protection Claim). The Court, however, expresses no opinion on whether a defendant is entitled to a stay of discovery when all he does is invoke qualified immunity as part of his response to a plaintiff's motion for summary judgment. By doing merely that, a defendant is not seeking affirmative dismissal of a claim, but rather only a trial. Because it is granting the stay on other grounds, the Court does not need to decide whether the policy interests that animate the traditional granting of a stay when qualified immunity is affirmatively invoked in seeking dismissal of a claim remain as compelling in the other scenario.